IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

Plaintiff, No. CIV S-11-2200 JAM GGH P

vs.

SACRAMENTO POLICE DEPARTMENT, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff, a Sacramento County Jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Because plaintiff had not filed an in forma pauperis affidavit or paid the required filing fee, see 28 U.S.C. §§ 1914(a), 1915(a), he was ordered, within thirty days, either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to pay the appropriate filing fee or he would be subject to a recommendation of dismissal. See Order, filed on September 21, 2011 (docket # 5). Plaintiff has now filed a completed in forma pauperis application.[1] However, in its order of September 21st, the court, taking judicial notice of the national pro se "three strikes" database, which a Ninth Circuit

[1] Following an order, granting him an extension of time. See docket # 7.

committee has directed this court to access for PLRA three-strikes screening purposes (as well as the cases cited therein) had cautioned plaintiff that on the face of it, he appeared to be barred from proceeding in forma pauperis in this case. See, id.

> The national database identifies plaintiff as a litigant who has been barred from proceeding in forma pauperis in a civil rights action as of August 1, 2006. See, e.g., Case No. 1:06cv1429 OWW SMS, by an order, filed on April 20, 2007, plaintiff was identified as having filed, as of September 25, 2006, one hundred and twenty-four actions in this district,[2] forty-four of which had been filed in September alone, with fourteen of the complaints, largely identical, having been filed on one day in September, none of which had included the filing fee. Therefore, it is unlikely that plaintiff's in forma pauperis application will suffice.

Order, filed on Sept. 21, 2011.

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). Court records, of which this court takes judicial

[2] While that case was filed in Fresno, the federal court sitting in Sacramento is part of the same federal judicial district, the Eastern District of California.

notice,[3] amply indicate that plaintiff has filed multiple cases dismissed as duplicative, frivolous or for failure to state a claim long prior to the filing of this complaint, by very liberal application of the mailbox rule,[4] on August 12, 2011. In an Order, filed on April 20, 2007, in Weaver v. California Correctional Institution Building A-4A-4, et al., Case No. 1:06 CV 1429 OWW SMS P, dismissing that case as "frivolous and malicious" (p. 4), the court stated in part:

> The allegations in the complaint in this action are duplicative of those set forth in the complaint in case number 1:06-CV-01207-OWW-WMW-P Weaver v. California Correctional Institution Second Watch, filed September 1, 2006. Further, the allegations are nearly identical to those set forth in case number 1:06-CV-00429-AWI-SMS-P Weaver v. California Correctional Institution Confinement SHU, which was dismissed on September 13, 2006, for failure to state a claim and frivolity, and in case number 1:06-CV-01197-AWI-DLB-P Weaver v. California Correctional Institution Confinement First Watch 4-4A-4, which was the first case plaintiff filed on September 1, 2006.

Order, filed on April 20, 2007, in Case No. 1:06 CV 1429 OWW SMS P, p. 3. See also e.g., Weaver v. Appeal Coordinator,1:06-cv-00134 OWW DLB (dismissed for failure to state a claim on 8/26/06 (no appeal); Weaver v. CCI-Tehachapi, 1:04-cv-6079 LJO WMW (dismissed for failure to state a claim on 12/07/2007 (no appeal)).

"Under the PLRA,[5] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that

---

[3] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[4] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[5] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The gravamen of plaintiff's complaint, wherein plaintiff seeks relief in the form of money (including punitive) damages, is that he was falsely arrested for carjacking; he alleges that he did not commit the crime and that there is inadequate evidence to support the charge. Complaint, p. 3. Far from making any showing that he was under a threat of "imminent danger" when he filed the complaint, it is not even likely that he has framed colorable allegations under 42 U.S. C. § 1983, where plaintiff alleges false arrest in what appears to be a pending state criminal matter. See Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. (1994); Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). In any event, plaintiff makes no showing of having been "under imminent danger of serious physical injury" at the time of the filing of the complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be barred pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), from proceeding in this action in forma pauperis and his request to proceed in forma pauperis be denied;

2. Within twenty-one days of the adoption of these findings and recommendations, should that occur, plaintiff be directed to submit the entire filing fee of $350.00; and

3. Failure to submit the entire filing fee timely result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

\\\\

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
weav2200.fr